**POPESCU LAW GROUP**
**Robert S. Popescu, Esq.**
**(RP-9677)**
**Dan Braverman, Esq., Of Counsel**
**(DB-9423)**
**Sean W. Higgins, Esq., Of Counsel**
**(SH-4190)**
**2501 Highway 516**
**Suite 200**
**Old Bridge, New Jersey 08857**
**Tel: 732-952-5570**
**Fax: 732-952-5573**
**E-mail: rsp@popesculawgroup.com**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHOUDHRY ILYAS, MOBASHIR ILYAS, MOHAMMAD ISLAM, ADEEL SARFRAZ ANJUM SARFRAZ, ALI RAZA QURESHI, and SHAHAB AZIZ,<br><br>                              Plaintiffs,<br><br>-against-<br><br>JMD GAS CORPORATION,<br>KAPTAN SINGH GULEIRA, Individually,<br>JOHN DOE 1-10, XYZ, Inc. 1-10 (fictitiously named)<br><br>                              Defendants. | Case No.:<br><br>**COMPLAINT WITH JURY**<br>**TRIAL DEMAND**<br><br>**(FLSA, NJWH, SECTION 1981,**<br>**and NJLAD)** |

Plaintiffs, CHOUDHRY ILYAS, MOBASHIR ILYAS, MOHAMMAD ISLAM, ADEEL

SARFRAZ, ANJUM SARFRAZ, ALI RAZA QURESHI, and SHAHAB AZIZ, (collectively,

"Plaintiffs"), individually by their personal knowledge as to themselves and upon information

and belief as to other matters, allege as follows:

1

## RULE 10.1 IDENTIFICATION OF THE PARTIES

1. In compliance with Local Rule 10.1 the known parties' names and addresses are set forth below.

   (A) Plaintiffs' names and addresses are as follows:

   (i)     Plaintiff **CHOUDRY ILYAS** is an adult individual residing at 5808 West Minister Boulevard, Parlin, New Jersey 08859.

   (ii)    Plaintiff **MOBASHIR ILYAS** is an adult individual residing at 5808 West Minister Boulevard, Parlin, New Jersey 08859.

   (iii)   Plaintiff **MOHAMMAD ISLAM** is an adult individual residing at 1709 West Minister Boulevard, Parlin, New Jersey 08859.

   (iv)    Plaintiff **ADEEL SARFRAZ** is an adult individual residing at 1203 West Minister Boulevard, Parlin, New Jersey 08859.

   (v)     Plaintiff **ANJUM SARFRAZ** is an adult individual residing at 1203 West Minister Boulevard, Parlin, New Jersey 08859.

   (vi)    Plaintiff **SHAHAB AZIZ** is an adult individual residing at 1203 West Minister Boulevard, Parlin, New Jersey 08859.

   (B) Defendants' names and addresses are as follows:

   (i)   Defendant **JMD GAS CORPORATION** is a New Jersey corporation located at 4412 U.S Highway 9, Freehold, New Jersey 07728.

   (ii)  Defendant **GULEIRA KAPTAN SINGH** resides at 21 Chagall Road Marlboro, New Jersey 07746.

## NATURE OF THIS ACTION

2.  Plaintiffs are current or former gas station attendant employees of defendants JMD Gas
    Corporation ("JMD"), Kaptan Singh Guleira ("Guleira"), John Doe 1-10, and XYZ, Inc.
    1-10 (collectively, "Defendants").

3.  In relevant part, Plaintiffs seek to recover unpaid wages and overtime compensation.

4.  Defendant JMD has several locations.  JMD stations are open seven (7) days per week
    and offer extended hours.  Indeed, JMD locations are open for as many as twelve and
    one-half hours per day.

5.  While Defendants' business model provides convenience to customers, it does so at the
    expense of its employees, who must work long hours to staff the locations.

6.  Defendants strictly limit the number of employees who work in each station.  In addition,
    at all times relevant to this matter, Defendants required Plaintiffs to work enormous hours
    of overtime, but they deliberately failed and refused to properly compensate the Plaintiffs
    with wages and overtime pay, in violation of state and federal law.

7.  The primary duties of the Plaintiffs, as Defendants' employees, do not fall under any of
    the exemptions set forth in federal or state laws.

8.  Defendants have violated the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.
    ("FLSA"), as well as various state labor laws, including New Jersey's Wage and Hour
    Law, N.J.S.A §34:11-56a, et seq. ("NJWHL"), by failing to pay the Plaintiffs the
    overtime and other wages they earned, which are mandatory under law.

9.  Plaintiffs bring this action to remedy violations of the wage and hour provisions of the
    FLSA and NJWHL by Defendants that have deprived Plaintiffs of their lawfully earned
    wages.

10. Plaintiffs also allege that Defendants subjected them to a hostile work environment and systematically discriminated against and harassed them on account of Plaintiffs' race, ethnicity, and national origin, all in violation of Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, et seq. ("Section 1981") and the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1, et seq. ("NJLAD"), and that Defendants further violated Section 1981 and the NJLAD by retaliating against Plaintiffs for voicing their complaints of discrimination and unlawful employment practices as well as their complaining about not being properly compensated for wages and overtime.

11. Plaintiffs and Defendants, through their respective attorneys, entered into a written agreement, dated August 15, 2017, tolling the statute of limitations for any and all claims arising out of the pending and/or potential disputes between them (the "Tolling Agreement").

12. The Tolling Agreement provides, among other things, that the tolling period ends ten (10) days after either of the parties sends written notice to the other terminating the tolling period.

13. By letter dated March 27, 2018, counsel for Defendants sent written notice to counsel for Plaintiffs to terminate the tolling period.

14. Accordingly, the tolling period will be terminated on April 6, 2018, i.e., 10 days after date of the aforementioned notice.

## PARTIES

### PLAINTIFF CHOUDRY ILYAS

15. Plaintiff **CHOUDRY ILYAS** is an adult individual residing at 5808 West Minister Boulevard, Parlin, New Jersey 08859.

4

16. Plaintiff Choudry Ilyas is currently employed by Defendants, where he has worked for more than 13 years.

17. At all times relevant to this action, Plaintiff Choudry Ilyas has worked and continues to work as a gas station attendant, dispensing fuel.

18. At all times relevant to this action, Plaintiff Choudry Ilyas has worked for the Defendants 84 hours per week at Defendants' locations.

19. Plaintiff Choudry Ilyas has worked at several of Defendants' gas station locations including, but no limited to, the locations in Manalapan, New Jersey and Freehold, New Jersey.

20. Plaintiff Choudry Ilyas is a covered employee within the meaning of FLSA, NJWHL, and NJLAD and Section 1981 as applicable.

**PLAINTIFF MOBASHIR ILYAS**

21. Plaintiff **MOBASHIR ILYAS** is an adult individual residing at 5808 West Minister Boulevard, Parlin, New Jersey 08859.

22. Plaintiff Mobashir Ilyas was employed by Defendants in January of 2017, from July to September in 2016, and November to January 4, 2015.

23. At all times relevant to this action, Plaintiff Mobashir Ilyas worked as a gas station attendant dispensing fuel.

24. At all times relevant to this action, Plaintiff Mobashir Ilyas worked at several of Defendants' gas station locations including, but no limited to, locations in Manalapan, New Jersey and Freehold, New Jersey.

25. Plaintiff Mobashir Ilyas is a covered employee within the meaning of FLSA, NJWHL, and NJLAD and Section 1981 as applicable.

## PLAINTIFF MOHAMMAD ISLAM

26. Plaintiff **MOHAMMAD ISLAM** is an adult individual residing at 1709 West Minister Boulevard, Parlin, New Jersey 08859.

27. Plaintiff Mohammad Islam was employed by Defendants from June 2016 to June 2017.

28. At all times relevant to this action, Plaintiff Mohammad Islam worked as a gas station attendant dispensing fuel.

29. At all times relevant to this action, Plaintiff Mohammad Islam worked at several of Defendants' gas station locations including, but no limited to, locations in Manalapan, New Jersey and Freehold, New Jersey.

30. Plaintiff Mohammad Islam worked 84 hours per week for Defendants at Defendants' locations.

31. Plaintiff Mohammad Islam is a covered employee within the meaning of FLSA, NJWHL, and NJLAD and Section 1981 as applicable.

## PLAINTIFF ADEEL SARFRAZ

32. Plaintiff **ADEEL SARFRAZ** is an adult individual residing at 1203 West Minister Boulevard, Parlin, New Jersey 08859.

33. Plaintiff Adeel Sarfraz was employed by Defendants from November 2013 to April of 2017.

34. At all times relevant to this action, Plaintiff Adeel Sarfraz worked as a gas station attendant dispensing fuel.

35. At all times relevant to this action, Plaintiff Adeel Sarfraz worked at several of Defendants' gas station locations including, but no limited to, locations in Manalapan, New Jersey and Freehold, New Jersey.

36. At all times relevant to this action, Plaintiff Adeel Sarfraz worked 84 hours per week for Defendants at Defendants' locations.

37. Plaintiff Adeel Sarfraz is a covered employee within the meaning of FLSA, NJWHL, and NJLAD and Section 1981 as applicable.

## PLAINTIFF ANJUM SARFRAZ

38. Plaintiff **ANJUM SARFRAZ** is an adult individual residing at 1203 West Minister Boulevard, Parlin, New Jersey 08859.

39. Plaintiff Anjum Sarfraz was employed by Defendants from December 2014 to April 2015 and December 2015 to April 2016.

40. At all times relevant to this action, Plaintiff Anjum Sarfraz worked as a gas station attendant dispensing fuel.

41. At all times relevant to this action, Plaintiff Anjum Sarfraz worked at several of Defendants' gas station locations including, but no limited to, locations in Manalapan, New Jersey and Freehold, New Jersey.

42. At all times relevant to this action, Plaintiff Anjum Sarfraz worked 84 hours per week for Defendants at Defendants' locations.

43. Plaintiff Anjum Sarfraz is a covered employee within the meaning of FLSA, NJWHL, and NJLAD and Section 1981 as applicable.

## PLAINTIFF ALI RAZA QURESHI

44. Plaintiff **ALI RAZA QURESHI** is an adult individual residing at 1203 West Minister Boulevard, Parlin, New Jersey 08859.

45. Plaintiff Ali Raza Qureshi was employed by Defendants from February 2015 through November 2015.

46. At all times relevant to this action, Plaintiff Ali Raza Qureshi worked as a gas station attendant dispensing fuel.

47. At all times relevant to this action, Plaintiff Ali Raza Qureshi worked at several of Defendants' gas station locations including, but no limited to, locations in Manalapan, New Jersey and Freehold, New Jersey.

48. At all times relevant to this action, Plaintiff Ali Raza Qureshi worked 84 hours per week for Defendants at Defendants' locations.

49. Plaintiff Ali Raza Qureshi is a covered employee within the meaning of FLSA, NJWHL, and NJLAD and Section 1981 as applicable.

## PLAINTIFF SHAHAB AZIZ

50. Plaintiff **SHAHAB AZIZ** is an adult individual residing at 1203 West Minister Boulevard, Parlin, New Jersey 08859.

51. Plaintiff Shahab Aziz was employed by Defendants from March 2014 until March 2015.

52. At all times relevant to this action, Plaintiff Shahab Aziz worked as a gas station attendant dispensing fuel.

53. At all times relevant to this action, Plaintiff Shahab Aziz worked at several of Defendants' gas station locations including, but no limited to, locations in Manalapan, New Jersey and Freehold, New Jersey.

54. At all times relevant to this action, Plaintiff Shahab Aziz worked 70 hours per week for Defendants at Defendants' locations.

55. Plaintiff Shahab Aziz is a covered employee within the meaning of FLSA, NJWHL, and NJLAD and Section 1981 as applicable.

## DEFENDANT JMD

56. Upon information and belief, Defendant **JMD** is a domestic business corporation, organized under the laws of the State of New Jersey, with its corporate headquarters located at 4412 U.S Highway 9, Freehold, New Jersey 07728.

57. Throughout the relevant period, JMD employed Plaintiffs within the meaning of FLSA, NJWHL, and NJLAD and Section 1981.

58. At all times relevant to this action, Defendant JMD had and continues to have substantial control over Plaintiffs' working conditions and the unlawful policies and practices alleged herein.

59. At all times relevant to this action, Defendant JMD was a covered employer within the meaning of the FLSA, NJWHL, and NJLAD and Section 1981 and employed and/or jointly employed Plaintiffs with Defendant Guleira and the other Defendants.

60. At all times relevant to this action, Defendant JMD maintained control, oversight, and direction over Plaintiffs and other similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

61. Upon information and belief, at all times relevant to this action, Defendant JMD's annual gross volume of sales made or business done was not less than $500,000.

62. Defendant JMD is the employer entity identified on Plaintiffs' paystubs and time cards.

## DEFENDANT GULEIRA

63. At all times relevant to this matter, upon information and belief, Defendant **GULEIRA**

was the sole shareholder of Defendant JMD.

64. At all times relevant to this matter, upon information and belief, Defendant Guleira was the principal of Defendant JMD.

65. At all times relevant to this matter, upon information and belief, Defendant Guleira was the founder of Defendant JMD.

66. At all times relevant to this matter, upon information and belief, Defendant Guleira was the Chief Executive Officer of Defendant JMD.

67. At all times relevant to this matter, upon information and belief, Defendant Guleira was the President of Defendant JMD.

68. At all times relevant to this matter, upon information and belief, Defendant Guleira maintained operational control of Defendant JMD.

69. At all times relevant to this matter, upon information and belief, Defendant Guleira was a person who acted in the interest of employer Defendant JMD.

70. At all times relevant to this matter, upon information and belief, Defendant Guleira was an employer of the Plaintiffs within the meaning of FLSA and the NJWHL and as applicable, the NJLAD and Section 1981 as applicable.

71. At all times relevant to this matter, upon information and belief, Defendant Guleira dominated the acts of the Defendant JMD and/or has had the power to act on behalf of JMD vis-a-vis its employees.

72. At all times relevant to this matter, upon information and belief, Defendant Guleira has had operational control of the Defendant JMD.

73. At all times relevant to this matter, Defendant Guleira has had the power and authority to hire and fire JMD's employees.

74. At all times relevant to this matter, upon information and belief, Defendant Guleira supervised and controlled employee work schedules and/or conditions of employment.

75. At all times relevant to this matter, upon information and belief, Defendant Guleira determined the rate and method of payment of employees' salaries.

76. At all times relevant to this matter, upon information and belief, Defendant Guleira maintained or should have maintained employee records.

77. At all times relevant to this matter, upon information and belief, Defendant Guleira orchestrated and implemented the scheme designed to deprive the Plaintiffs and other employees of their lawful wages.

78. At all times relevant to this matter, upon information and belief, Defendant Guleira used the corporate form of Defendant JMD to perpetrate a fraud and injustice against the Plaintiffs and other employees so as to deprive them of their lawful wages.

79. At all times relevant to this action, Defendant Guleira and Defendant JMD were each other's alter-egos with respect to all matters averred to herein.

80. At all times relevant to this action, Defendant Guleira and Defendant JMD were each other's agents and representatives with respect to all matters averred to herein.

81. At all times relevant to this matter, Defendant Guleira was Plaintiffs' employer within the meaning of FLSA and the NJWHL and as applicable, the NJLAD and Section 1981 as applicable.

## DEFENDANTS JOHN DOES 1-10 AND DEFENDANTS XYZ, Inc. 1-10

82. Defendants JOHN DOE 1-10 and Defendants XYZ, INC. are as of yet unidentified persons, individuals, corporations, limited liability companies, sole proprietorships, partnerships, joint ventures, or other entity defendants, fictitiously named herein, each of

whom may be deemed to be joint employers of the Plaintiffs for all matters referenced in this action.

## JURISDICTION AND VENUE

83. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367.

84. This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

84. This Court is empowered to issue declaratory judgments pursuant to 28 U.S.C. §§ 2201 and 2202.

85. Venue is proper in the District of New Jersey pursuant to U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## COMMON FACTUAL ALLEGATIONS

86. Throughout their employment with Defendants, Plaintiffs consistently worked more than 40 hours per week.

87. The Defendants were aware that Plaintiffs worked more than 40 hours per week, yet Defendants negligently, recklessly, and/or willfully and deliberately failed to pay them overtime compensation for hours worked over 40 in any single workweek.

88. Defendants did not keep accurate records worked by the Plaintiffs.

89. In fact, Defendants maintained deliberately false and misleading documentation regarding Plaintiffs' salaries and wages and hours worked.

90. Plaintiffs' duties did not include managerial ones.

91. Plaintiffs' duties did not render them exempt from overtime compensation.

12

92. Besides the wage violations discussed herein, Plaintiffs also were discriminated against because of their race, ethnicity, and national origin, in violation of NJLAD and Section 1981. All Plaintiffs are from Pakistan and are of Pakistani national origin and descent.

93. Defendants further retaliated against the Plaintiffs for complaining of unlawful violations of state and federal law under the NJLAD, Section 1981, the FLSA, and the NJWHL.

## STATEMENT OF FACTS

94. Plaintiffs are and/or were employed by Defendants for a significant amount of time.

95. Plaintiffs worked as many as 84 hours per week for Defendants, without receiving proper and lawful compensation.

96. Plaintiffs worked as gas station attendants dispensing fuel.

97. Plaintiffs are of Pakistani nationality and descent.

98. On numerous occasions Plaintiffs asked Defendants to be allowed to work inside the gas station building instead of remaining on duty outdoors 12 hours per day, often forced to endure all types of extreme weather conditions.  Non-Pakistani workers were treated more favorably in terms, benefits and other conditions of employment.

99. Defendants willfully and maliciously denied Plaintiffs' requests to work inside the store with non-Pakistani workers.

100.	Defendants used, permitted, tolerated, and encouraged derogatory language towards Plaintiffs and routinely referred to Plaintiffs as "Fuckistanis", among other derogatory terms.

## FIRST CAUSE OF ACTION
### (Fair Labor Standards Act – Unpaid Overtime and other Wages)

101.	Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

102.  Each of Defendants has engaged in a widespread pattern and practice of violating the FLSA and NJWHL, as described in this Complaint.

103. At all times relevant to this action, Plaintiffs have been employees and Defendants have been employers within the meaning of the FLSA.

104. Each of Defendants has employed Plaintiffs as an employer and/or a joint employer

105. At all relevant times, Plaintiffs were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

106. The overtime wage provisions set forth in §§ 201 et seq. of the FLSA apply to Defendants.

107. At all times relevant, Plaintiffs were employees within the meaning of 29 U.S.C. §§203€ and 207(a).

108. Defendants failed to pay Plaintiffs overtime wages to which they were entitled under FLSA.

109. The Defendants' violations of the FLSA, as described in this Complaint, have been willful and intentional.  The Defendants have failed to make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs.

110. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies to Plaintiffs' claims under 29 U.S.C. §255.

111. As a result of Defendants' willful violations of the FLSA, Plaintiffs have suffered damages by being denied earned compensation and overtime wages in accordance with 29 U.S.C. §§ 201 et seq.

112. As a result of the unlawful acts of Defendants, Plaintiffs have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of

such amounts, including liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b) and applicable laws.

## SECOND CAUSE OF ACTION
### (New Jersey Wage and Hour Law – Unpaid Overtime and other Wages)

113. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

114. Each of Defendants has engaged in a widespread pattern, policy, or practice of violating the NJWHL.

115. At all times relevant to this action, Plaintiffs have been employees and Defendants have been employers within the meaning of the NJWHL.

116. Each of Defendants has employed Plaintiffs as an employer and/or a joint employer.

117. Each of Defendants has failed to pay Plaintiffs wages to which they are entitled under the NJWHL.

118. Each of Defendants has failed to pay Plaintiffs for all hours worked at the lawful rate of pay.

119. Each of Defendants has failed to pay Plaintiffs for overtime at a wage rate of one and one-half times their regular rate of pay.

120. Each of Defendants has failed to pay Plaintiffs overtime at a wage rate of one and one-half times the basic minimum hourly rate.

121. Each of Defendants has failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiffs.

122. Each of Defendants' violations of the NJWHL has been willful and intentional.

123. Due to each of Defendants' violations of the NJWHL, Plaintiffs are entitled to recover from Defendants their unpaid wages (including overtime wages), liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation as permitted by applicable laws.

## THIRD CAUSE OF ACTION
### (Race and Nationality Discrimination in Violation of the NJLAD)

124. Plaintiffs restate and incorporate by reference all allegations in all preceding paragraphs.

125. Defendants have discriminated against Plaintiffs on account of their race, ethnicity, and Pakistani national origin, in violation of the NJLAD, as follows:

  a.  Defendants refused to allow Plaintiffs similar working condition to those enjoyed by Defendants' non-Pakistani workers;

  b.  Defendants systematically singled out and referred to Plaintiffs in derogatory and insulting language, including "Fuckistanis", among other things;

  c.  Defendants deliberately withheld payment of proper wages to Plaintiffs in violation of state and federal law, as aforesaid;

  d.  Defendants deliberately accused one or more of Plaintiffs falsely of various employment-related infractions to force the termination of Plaintiffs' employment.

126.  By engaging in the above referenced conduct, Defendants violated Plaintiffs' right to be free of discrimination in violation of the NJLAD.

127.  As a direct and proximate result of Defendants' violations of the NJLAD, Plaintiffs have suffered loss of wages and benefits and emotional distress damages.

128.  Defendants' actions were intentional and malicious.

## FOURTH CAUSE OF ACTION
### (Retaliation in Violation of Section 1981, the NJLAD, the FLSA, and the NJWHL)

129. Plaintiffs repeat and incorporate by reference all allegations in all preceding paragraphs.

130. Plaintiffs repeatedly complained to Defendants about their systematic name calling and abuse, unfair and discriminatory working conditions, and Defendants' failure to pay them the appropriate wages.

131. Defendants have then engaged in a pattern of retaliation designed to drive out the complaining Plaintiffs and cause the termination of Plaintiff Choudry Ilyas' employment.

132. Defendants' actions were intentional and malicious.

## FIFTH CAUSE OF ACTION
**(Race and Nationality Discrimination in Violation of Section 1981)**

133. Plaintiffs restate and incorporate by reference all allegations in all preceding paragraphs.

134. Defendants have discriminated against Plaintiffs on account of their race, ethnicity, and Pakistani national origin, in violation of Section 1981, as follows:

    a.  Defendants refused to allow Plaintiffs similar working condition to those enjoyed by Defendants' non-Pakistani workers;

    b.  Defendants systematically singled out and referred to Plaintiffs in derogatory and insulting language, including "Fuckistanis", among other things;

    c.  Defendants deliberately withheld payment of proper wages to Plaintiffs in violation of state and federal law, as aforesaid;

    d.  Defendants deliberately accused one or more of Plaintiffs falsely of various employment-related infractions to force the termination of Plaintiffs' employment.

135. By engaging in the above referenced conduct, Defendants violated Plaintiffs' right to be free of discrimination in violation of Section 1981.

136.   As a direct and proximate result of Defendants' violations of Section 1981, Plaintiffs have suffered loss of wages and benefits and emotional distress damages.

137. Defendants' actions were intentional and malicious.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek judgment against Defendants, jointly, severally, and in the alternative, as follows:

A. Declaring that Defendants' practices complained about herein are unlawful under appropriate state and federal law.

B. Awarding Plaintiffs damages in the amount of all unpaid wages and overtime due, together with an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations as well as pursuant to New Jersey Wage and Hour laws;

C. Awarding Plaintiffs damages for unpaid overtime pay, liquidated damages, and penalties as permitted by law pursuant to the state law claims;

D. Awarding Plaintiffs emotional distress damages and other compensatory damages under Section 1981, the NJLAD, the FLSA, and the NJWHL;

E. Awarding Plaintiffs punitive damages under Section 1981 and the NJLAD;

F. Awarding Plaintiffs pre-judgment interest;

G. Awarding Plaintiffs attorneys' fees and costs of suit; and

H. Awarding Plaintiffs such other, further, and additional relief, as is permitted under applicable laws, including without limitation under Section 1981, the NJLAD, the FLSA, and the NJWHL; and such other and further relief as this Honorable Court may deem just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

April 5, 2018

Respectfully submitted,

Robert S. Popescu, Esq.
Daniel S. Braverman, Esq., Of Counsel
Sean W. Higgins, Esq., Of Counsel
POPESCU LAW GROUP
2501 Highway 516, Suite 200
Old Bridge, New Jersey 08857
Tel: 732-952-5570
Fax: 732-952-5573