UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHOUDHRY ILYAS, MOBASHIR ILYAS, MOHAMMAD ISLAM, ADEEL SARFRAZ, ANJUM SARFRAZ, and SHAHAB AZIZ,<br><br>**Plaintiffs,**<br><br>v.<br><br>JMD GAS CORPORATION, KAPTAN SINGH GULEIRA, Individually, JOHN DOE 1-10, XYZ, Inc. 1-10 (fictitiously named),<br><br>**Defendants.** | Civil Action No. 3:18-cv-05563 (FLW)(TJB)<br><br><br>MEMORANDUM OPINION |

**BONGIOVANNI, Magistrate Judge**

Currently pending before the Court is Plaintiffs' Choudhry Ilyas, Mobashir Ilyas, Mohammad Islam, Adeel Sarfraz, Anjum Sarfraz, and Shabab Aziz's ("Plaintiffs") Motion to Amend the Complaint to (1) add JMB Petroleum, Inc. ("JMB Petroleum") as one of the fictitiously named Defendants as named XYZ, Inc. 1-10 in the Complaint; and (2) correct a typographical error which incorrectly spelled Defendant Kaptan Singh Guleria as "Guleira." (Docket Entry No. 23). Defendants JMD Gas Corporation and Kaptan Singh Guleira ("Defendants") have opposed Plaintiffs' Motion to Amend based on Plaintiffs' lack of due diligence, timeliness and prejudice. (Docket Entry No. 26). Plaintiffs then filed a Reply brief. (Docket Entry No. 27). The Court has fully reviewed the arguments made in support of and in opposition to Plaintiff's motion. The Court considers Plaintiff's Motion to Amend without argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, Plaintiff's Motion to Amend is GRANTED in part and DENIED in part.

I.      **Background and Procedural History**

The Court presumes a familiarity with the nature and history of this litigation. As a result, not all the details of same are recited herein. Instead, the Court focuses on the facts most relevant to the pending Motion to Amend.

On April 5, 2018, Plaintiffs, several gas station attendants, filed the Complaint in this matter regarding to recover unpaid wages and overtime compensation from Defendant JMD Gas Corporation. Plaintiffs claim violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), as well as various state labor laws, including New Jersey's Wage and Hour Law, N.J.S.A § 34:11-56a, et seq. ("NJWHL"). Plaintiffs allege that Defendants subjected them to a hostile work environment wherein they were discriminated against and harassed based on the their race, ethnicity, and national origin, in violation of Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, et seq. ("Section 1981") and the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1, et seq. ("NJLAD"). (Docket Entry No. 1).

On May 21, 2018, Defendants JMD Gas Corporation and Kaptan Singh Guleira filed their respective Answers. (Docket Entry Nos. 4 and 6). On July 10, 2018, the Court conducted the Initial Pretrial Conference in this case. Thereafter, on July 16, 2018, the Court a Scheduling Order, setting the deadlines for motions to amend or add parties as August 10, 2018. (Docket Entry No. 11). During a telephone conference held on December 18, 2029, Plaintiffs requested leave to file a Motion to Amend, which the Court granted, directing Plaintiffs to file the motion by January 24, 2020. (*See* Text Min. Entry of 12/18/2019). On January 24, 2020 Plaintiffs filed a Motion to Amend the Complaint. Through the motion, Plaintiffs seek to add a new Defendant "JMB Petroleum" and to fix a typographical error, which incorrectly spelled Defendant Kaptan Singh Guleria's surname as "Guleira." (Docket Entry No. 23). On February 14, 2020,

Defendants filed a Brief in Opposition to Plaintiffs' Motion to Amend. (Docket Entry No. 26). On March 23, 2020, Plaintiffs filed a Reply. (Docket Entry No. 27).

## II.     Analysis

Pursuant to Rule 15(a)(2), leave to amend the pleadings is generally granted freely. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id*. However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

The Court grants Plaintiffs' Motion to Amend to correct the typographical error, which incorrectly spelled Defendant Kaptan Singh Guleria as "Guleira." The Court finds there is no undue delay or prejudice to the Defendant in granting this amendment. Additionally, there is no indication of bad faith on the part of the Plaintiffs. Thus, the Court grants Plaintiffs' Motion to Amend in part, allowing Plaintiffs to correct the typographical error.

The Court now turns to the portion of the amendment which seeks to add JMB Petroleum as a Defendant, replacing the fictitiously named defendant "XYZ, Inc. 1-10." As Defendants have noted, Plaintiffs Shahab Aziz, Adeel Sarfraz and Anjum Sarfraz each discontinued their employment with JMB Petroleum in 2015. Accordingly, the statute of limitations has expired with regard to their Section 1981, NJLAD, FLSA and NJWHL claims against JMB Petroleum. (*See* Cert. of Allison N. Zsamba, Esq.; Docket Entry No. 26-1). As this Court has noted, "[a]n amendment adding a claim against a party after the statute of limitations has expired would be

'futile' as being subject to dismissal on motion by the opposing party, unless the amendment relates back to the date of the filing of the original complaint under Fed.R.Civ.P. 15(c)." *Davis v. Twp. of Paulsboro*, 2005 U.S. Dist. LEXIS 9881, *10, 2005 WL 8174849.  The Court therefore first examines whether Plaintiffs' proposed amendment to add JMB Petroleum "relates back" to the original Complaint pursuant to Fed. R. Civ. P. 15(c)(1)(C).

> Under Fed. R. Civ. P. 15(c)(1),
>
>> An amendment to a pleading relates back to the date of the original pleading when: (A) the law that provides the applicable statute of limitations allows relation back; (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or (C) the amendment changes the party of the name of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it but for a mistake concerning the proper party's identity.

"As a general matter, if New Jersey law would permit the amendment made by plaintiffs after the running of the statute, the federal rules permit the amendment." *Bryna v. Assoc. Container Transp.,* 837 F. Supp. 633, 643 (D.N.J. 1993).  New Jersey state court R. 4:26-4, or the "fictitious defendant" rule, which allows Plaintiffs to identify fictitiously named defendants as a basis for an amendment to "relate back" under Fed. R. Civ. P. 15(c)(1), governs here.

The following requirements must be satisfied in order to invoke the fictitious defendant rule as a vehicle to suspend the statute of limitations and allow the amendment to "relate back" to the original complaint:  (1) the plaintiff must not know the identity of the defendant said to be named fictitiously, (2) the fictitiously-named defendant must be described with appropriate detail sufficient to allow identification, (3) a party a seeking to amend a complaint to identify a

defendant previously named fictitiously must provide proof of how it learned the defendants' identity, (4) the rule is unavailable to a party that does not act diligently in identifying the defendant. *Weigel v. Griffin,* 2018 U.S. Dist. LEXIS 203209, *10, 2018 WL 6259241 (citing *Andreoli v. State Insulation Corp.*, No. A-2636-10T4, 2011 N.J. Super. Unpub. LEXIS 2504, at *9-*10, 2011 WL 4577646 (App. Div. Oct. 5, 2011)).

The Court begins by analyzing whether Plaintiffs had knowledge of the newly added Defendant, JMB Petroleum, before the deadline to join a new party expired on August 10, 2018. (Docket Entry No. 11). Plaintiffs allege they were unaware of the existence of JMB Petroleum until the deposition of Kaptan Singh Guleria on November 15, 2019. (Docket Entry No. 23). Defendants, however, allege that JMB Petroleum employed four of the Plaintiffs for significant periods of time as alleged in the Complaint. Defendants argue that Plaintiffs possessed and produced paystubs, W-2s, and tax returns identifying JMB Petroleum, and that the Plaintiffs had previously filed DOL complaints against the entity. (*See* Exhibits A-M attached to Def.'s Opp.; Docket Entry No. 26). Further, Defendants argue that Plaintiffs received discovery citing to JMB Petroleum, and that the entity was identified in Defendants' Answer and Rule 26 disclosures. (*Id.*).

For instance, Plaintiffs Shabab Aziz, Adeel Sarfraz and Anjum Sarfraz received bi-weekly checks from their employer, JMB Petroleum, ranging from November 2013 to August 2015, the pay stubs of which were produced by Plaintiffs on September 10, 2018. (*See* Zsamba Cert. at Exhibits A-C; Docket Entry Nos. 26-2, 26-3, 26-4). "JMB Petroleum, Inc." is clearly indicated as the employer on these documents, which Plaintiffs had in their possession. Plaintiffs Adeel Sarfraz and recently dismissed Plaintiff Ali Raza Qureshi had also previously filed complaints with the Department of Labor against JMB Petroleum, in April and June of 2017,

5

respectively. (*See* Zsamba Cert. at Exhibits D-E; Docket Entry Nos. 26-5, 26-6). Additionally, on December 12, 2018, in Plaintiff Adeel Sarfraz's supplemental objections and responses to Defendants' First Set of Interrogatories, Interrogatory Number 22 asks the Plaintiff to identify each employer the Plaintiff had worked for within the last five years, to which the Plaintiff's answer states "From November 2013 to April 2017[sic] Plaintiff worked for JMB Petroleum, Inc." (*See* Zsamba Cert. at Exhibit H; Docket Entry Nos. 26-9).

       The Court's analysis then hinges on whether Plaintiff exercised due diligence in identifying the Defendant. Courts have found insufficient due diligence efforts, for instance, when a plaintiff did not complete a "simple inquiry" at his job site which would have revealed the identity of other defendants prior to the running of the statute of limitations. *See Mears v. Sandoz Pharmaceuticals, Inc*., 300 N.J. Super. 622, 630, 693 A.2d 558 (App. Div. 1997). Similarly, courts have found that a plaintiff who possessed medical records with a fictitiously named defendant's signature did not satisfy due diligence efforts when she moved to amend four months after receiving interrogatory responses identifying the defendant. *See Davis v. Twp. of Paulsboro*, 2005 U.S. Dist. LEXIS 9881, *18, 2005 WL 8174849 (citing *Johnston v. Muhlenberg Regional Medical Center*, 326 N.J. Super. 203, 740 A.2d 1122 (App. Div. 1999). Here, the Court is not persuaded that Plaintiffs first learned of the existence of JMB Petroleum through the deposition of Defendant Guleria on November 15, 2019, as discovery documents in Plaintiffs' possession long before the deposition included JMB Petroleum's name. Based on the discovery, the Court is hard pressed to find that Plaintiffs have satisfied the requirement of due diligence in identifying JMB Petroleum as a fictitious defendant. Therefore, the Court finds that the Plaintiffs have not satisfied the threshold of sufficient diligence required by the fictitious defendant rule in order to justify relation back under Fed. R. Civ. P. 15(c).

The Court finds that the amendment to add JMB Petroleum, which was sought nearly two years after the filing of this suit, constitutes undue delay. It is clear that the Plaintiffs had access to this information since the inception of this case, and the request to amend at this time is therefore not supportable. Additionally, the Court finds that granting this amendment would prejudice the Defendants. The discovery period has closed, and several witnesses have been deposed. Defendants should not bear the cost of duplicative or additional discovery including depositions due to Plaintiffs' lack of due diligence.

### III. Conclusion

For the reasons stated above, Plaintiffs' Motion to Amend is GRANTED in part and DENIED in part. Plaintiffs are to file an Amended Complaint in accordance with this Opinion by August 14, 2020. An appropriate Order follows.

Dated: August 6, 2020

                                            s/ Tonianne J. Bongiovanni
                                            **HONORABLE TONIANNE J. BONGIOVANNI**
                                            **UNITED STATES MAGISTRATE JUDGE**